## WEBSTER v. BOWERS.

### (Circuit Court, D. New Hampshire. October 16, 1900.)

#### No. 458.

CORPORATIONS—STOCKHOLDER'S LIABILITY—ENFORCEMENT UNDER KANSAS STATUTES.

Laws Kan. 1898, c. 10, which provides for the enforcement of the constitutional liability of stockholders in a corporation by a receiver for the benefit of the corporation and all the creditors alike, does not supersede the provisions of the prior statute, which gave a creditor the right to enforce the liability of any particular stockholder for his own individual benefit, as to contracts made while such statute was in force, since the right thereby given became a part of the contract, which would be materially impaired by the substitution of the restricted remedy given by the subsequent act.

At Law. On demurrer to declaration.

Streeter, Walker & Hollis, for plaintiff.
John M. Mitchell, for defendant.

ALDRICH, District Judge. This is a Kansas statute stockholders' liability case, and the questions on demurrer are whether the remedy provided by the older statute, and existing at the date of the contract, whereby a single creditor may have his action against any stockholder for the amount of his judgment, is superseded by the remedy provided by the corporation act, which took effect January 11, 1899 (Laws Kan. 1898, c. 10), and which contemplates the appointment of a receiver, who shall collect and dispose of assets, and enforce the stockholder liability for the benefit of the corporation and all the creditors alike; and whether the remedy under the later statute becomes the only remedy.

The specific remedy provided by the statute of 1868 for the enforcement of the constitutional liability of the stockholder to the creditor was a part of the contract. A subsequent statute, withdrawing such remedy, and substituting one of a different nature, and one designed to enforce the stockholder liability for the benefit of the corporation and of all the creditors, would, in operation, impair the obliga-

tions of the pre-existing contract and the substantive rights of the plaintiff. The fact that the remedy provided by the later statute is, on general principles, more in harmony with the justice of a situation like the one in question, does not justify the impairment of the plaintiff's contract with the stockholder. To change a remedy, or to invent or provide new procedure for the enforcement of an individual right, without impairment thereof and within a limited time, is one thing, and to this extent the authorities hold that we may go; but to change the remedy, and provide for an enforcement of the right for the benefit of others, is quite another and different thing, and to that extent we may not go. The later statute wisely provides for the appointment of a receiver to enforce all liability and wind up insolvent corporations for the benefit of all the creditors, and may well apply to subsequent contracts made in reliance thereon, but, notwithstanding its just and comprehensive provisions in this respect, it must be held as not operating upon pre-existing contracts. To hold the plaintiff to the later remedy, to the exclusion of the one existing at the time of his contract, would at once impair his rights, and in the event that the view of some authorities should prevail, that a receiver cannot maintain an action extraterritorially for the enforcement of such rights, though appointed under a statute for that purpose, would destroy them altogether. Demurrer overruled, and the defendant has 30 days to answer further.