# WILLIAM COLTON and SIMON P. SCHOTT, Receivers *vs.* LEE MAYER.

*Statutory Liability of Shareholders in a Bank Not Enforceable by Receivers.*

The charter of a bank provided that the stockholders should be liable for its debts to the amount of their shares of stock. *Held,* that upon the insolvency of the bank, the receivers thereof are not authorized to enforce this statutory liability, the same not being an asset of the bank, but that the liability of the shareholders is enforceable only by the creditors themselves.

Appeal from a *pro forma* judgment of the Baltimore City Court.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*George R. Willis* and *William S. Bryan, Jr.* (with whom were *Joseph W. Hazell* and *Martin Lehmayer* on the brief), for the appellants.

*Albert S. J. Owens,* for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellants, who are receivers of the South Baltimore Bank, sued the appellee, who was a stockholder in that bank, to recover a sum equal to the par value of the stock held by him, under a provision in the charter, as amended by Chapter 294 of the Acts of 1888, which is as follows : " The continuance of this corporation shall be on the condition that the stockholders and directors of this corporation shall be liable to the amount of their respective share or shares of stock in this corporation, for all of its debts and liabilities upon note, bill or otherwise." The declaration alleges that the appellants were appointed by the Circuit Court, No. 2, of Baltimore City, under a general

creditors' bill filed against the corporation, which, after due proof, was adjudged to be insolvent and was dissolved, and its property was, in accordance with the terms of the Act of 1896, ch. 349, vested in the appellants; it recites the above provision in the charter and alleges that the assets of the corporation are totally insufficient to pay its debts and liabilities in full and it is necessary to call upon the stockholders and directors to pay to the receivers a sum equal in amount to the par value of the share or shares of stock held by them; that such payment will not enable all of said debts or liabilities to be discharged, and that the Court had made a call upon each stockholder to pay such sum, and authorized the plaintiffs to sue therefor. The defendant demurred to the declaration, and the first six counts having been withdrawn, the Court below sustained the demurrer to the seventh count and a *pro forma* judgment was entered for the defendant. From that judgment this appeal was taken.

The principal question intended to be raised by the demurrer was whether the receivers are authorized to sue a stockholder of the bank for the liability thus created by the charter. Although that provision is in the language of section 27 of Art. 11 of the Code, relating to banks organized under the laws of this State, this precise point has not heretofore been before this Court. We have had many cases before us involving the liability of stockholders for unpaid subscriptions to capital stock, and we have sustained the right of receivers to sue for them, but they are assets and are such debts as the corporations themselves can recover, and hence when receivers are appointed to wind up their affairs, the right to unpaid subscriptions is vested in them. Our general corporation laws, in sec. 269 of Art. 23 of the Code, provides that "where receivers of the estate or effects of any corporation shall be appointed by a Court, upon or before the dissolution of any corporation, they shall be vested with all the estate and assets of every kind belonging to such corporation," and they are required

to proceed to " wind up the affairs of such corporation," under the direction of the Court, and are given " all powers which shall be necessary for that purpose." By sec. 264 A. (Act of 1896, ch. 349,) under which these receivers are acting, it is provided that when a corporation is dissolved as therein mentioned " all of its property and assets of every description " shall be distributed to the creditors in the same manner as the property and assets of an insolvent debtor are distributed under our insolvent laws, and the receiver is authorized to maintain suits and proceedings to set aside preferences and void or fraudulent transfers, payments, etc., as the permanent trustee of an insolvent debtor can do.   There is therefore no difficulty in the way of a receiver suing for any part of the estate, property or assets that belonged to the corporation, and he is authorized, by the statute last mentioned, to maintain suits and proceedings to set aside preferences and void or fraudulent transfers, payments, etc., even when the corporation itself could not have done it, if it had not gone into the hands of a receiver.   But our law does not authorize a receiver to recover any estate, property or assets that never did belong to the corporation, but only such as it was entitled to, when he was appointed, or such as had belonged to it but had been disposed of contrary to law.

Inasmuch as this charter does not expressly authorize the receivers to sue, the test of their right to do so is to ascertain whether it gave the corporation any property or estate in this liability of the stockholders, or in any manner made it an asset of the bank, for, unless it did, it is clear that they cannot maintain this suit against the defendant on the mere ground that he was a stockholder.   When the charter says, that the stockholders and directors of this corporation shall be liable to the amount of their respective shares of stock " for all of its debts and liabilities," to whom were they to be so liable ?   Clearly not to the corporation for its own debts and liabilities, but manifestly they were to be liable to the creditors.   When the stockholders sub-

scribed for stock they assumed a two-fold obligation—one
to the corporation, for the amount of the stock so sub-
scribed, and the other to the creditors, to be limited by
that amount.   When they paid the corporation for their
stock their obligation to it was at an end, but not so with
that to the creditors.   There was no liability of any kind
to the corporation, by reason of this provision in the
charter, and at no time from its organization to its dissolu-
tion could it have demanded one penny from the appellee
on account of it.   It was in the nature of a guaranty to the
creditors, that, in the event of the failure of the corporation
to pay its debts and liabilities, each stockholder would con-
tribute towards their payment, to the extent of the par
value of stock held by him, but the corporation itself had
no authority, under that provision, to assess the stock or
to call for more than its par value to meet its obligations.
There can, therefore, be no valid reason why a receiver of
a corporation should be permitted to collect from the stock-
holders debts which they never owed the corporation and
which should go to the creditors, if due at all, without be-
ing charged with fees and expenses incident to the settle-
ment of insolvent estates.   Some liability similar to this is
generally fixed by statute upon the owners of stock in
banking and other corporations that earn their profits out
of the money of others, and it is sometimes provided, as in
the case of national banks for example, that in the event of
failure the receiver can collect what is due on the statutory
liability, but in the absence of some law giving him the
right to do so, we cannot understand upon what principle
he can maintain a suit on a statute such as we have before
us.   It is said it would be more convenient and more equit-
able to permit the receivers to collect the fund thus due by
stockholders and distribute it equally amongst the creditors
entitled to it.   But Courts would not be justified in taking
the fund from those entitled to it (the creditors) simply for
convenience of distribution, and under the decisions of this
Court that reflect upon the question, it would greatly em-

barrass the distribution of an estate of an insolvent corporation to place the funds thus derived in the hands of a receiver for distribution. The only case in which this Court has had a similar statute before it is that of *Hammond* v. *Strauss*, 53 Md. 1. There a creditor was suing an alleged stockholder to recover for the personal liability of the defendant under a statute like this. JUDGE ALVEY, in delivering the opinion of the Court, said : " To entitle the plaintiff to recover in this action it was essential that three things should be made to appear ; 1. That a corporation, such as that alleged, should have been created ; 2. That the defendant was a stockholder therein; 3. *That the plaintiff was a creditor of the corporation and that he became such while the defendant was a stockholder."* The Court below took the case from the jury and this Court, after discussing the question as to whether there was such a corporation as was alleged, proceeded with the next inquiry, which was thus stated, " Should the existence of the corporation be found, the next question is, *whether the defendant was a stockholder therein at the time the debt was contracted with the plaintiff,"* and, having found that there was evidence that he was, reversed the case and awarded a new trial. In *Matthews* v. *Albert*, 24 Md. 535, where a stockholder was sued for his personal liability under the statute then in force, which made stockholders liable to the amount of stock held by them for debts of the corporation *until the capital stock was fully paid up*, our predecessors said that the stockholders "occupied the two-fold relation, of debtors to the company for the amount of their stock at par value, and as debtors, under the statute, to the creditors of the company to an amount equal to their stock for *all debts and contracts created while they were stockholders."* It is true that case involved the construction of a statute different from the one now before us, but the character of the liability was the same, the main difference being that under it the stockholders were relieved from their obligations to creditors when all of the capital stock was paid. In *Bass-*

*hor* v. *Forbes*, 36 Md. 154, which was also a suit under the last mentioned statute, it was held that a creditor could waive the individual liability of the stockholder by agreeing, when the contract was made, to look to the company alone and exclusively. Thus we see that the liability of the stockholders is only to those who became creditors while the former held the stock, and those creditors can relieve them of all such responsibility when the debts are contracted. One stockholder might be liable to one creditor, another to some other creditor, and the creditors may have released others. It would therefore be very difficult, if not impossible, in some cases to properly determine, in the distribution of the estate, how the funds collected from the various stockholders should be distributed, and it might require many accounts to be stated. Those authorities and others to the same effect not only show how inconvenient and inequitable it would be to permit the receivers to recover, but go very far towards showing that they are not the proper parties to sue on the liability imposed by a statute, such as the one now under consideration.

Some stress was laid at the argument on the fact that these receivers are vested with the powers of a permanent trustee under our insolvent laws, but could it be successfully contended that, if the debts of an insolvent individual were guaranteed, the trustee could recover from the guarantors the amount of such guaranty and distribute it as a part of the insolvent estate? Unquestionably not, and why should the receivers, who are to distribute the property and assets of the corporation in the same manner as the property and assets of an individual debtor are distributed, be permitted to recover, from those who stand somewhat in the position of guarantors, that which they never owed or guaranteed to the corporation or receivers?

Under this charter the liability is directly to the creditors and not to the receivers for the benefit of creditors. It was said, in passing on the liability under the statute we have referred to above, in *Norris* v. *Wrenschall*, 34 Md. 492,

" It is a debt under the statute *due from the stockholder to the creditor*, springing out of and co-existent with the contract between the corporation and the creditor." And all the cases that have been decided in this State affecting the statutory liability of stockholders have been to the same effect. There are many authorities elsewhere in which the enforcement of such liability has been considered, and most of them hold that the receivers cannot sue under statutes such as this. The text-writers, so far as we have seen, are practically unanimous in the conclusion that such statutory liability is not a corporate asset and receivers cannot sue, unless so authorized by the terms of the statute. In *1 Cook on Stock and Stockholders*, sec. 218, the principle is thus announced : " The statutory liability of the stockholder is created exclusively for the benefit of corporate creditors. It is not to be numbered among the assets of the corporation, and the corporation has no right or interest in it. It cannot enforce it by an assessment upon the shareholders. Nor can the corporation, upon the insolvency assign it to a trustee for the benefit of creditors. It is a liability running directly and immediately from the shareholders to the corporate creditors. Accordingly, a receiver of an insolvent corporation, invested with ' all the estate, property and equitable interests ' of the concern, has no power to enforce such a liability as this. The action to enforce can be maintained only by the creditors themselves, in their own right and for their own benefit. " The rule is stated to the same effect, and as positively, in *2 Beach on Private Corporations*, sec. 716; *2 Morawetz on Private Corporations*, sec. 869; *3 Thompson on Corporations*, sec. 3560; *Taylor on Private Corporations*, sec. 721, and *Thompson's Liability of Stockholders*, sec. 342. There are also many cases to the same effect, of which we will mention, *Runner v. Dwiggins*, 147 Ind. 238; *Minneapolis Base Ball Company v. City Bank*, 66 Minn. 441; (s. c. 38 L. R. An. 415); *Jacobson v. Allen*, 12 Fed. Rep. 454; *Wright v. McCormack*, 17 Ohio St. 86; *Liberty Female College Asso-*

*ciation* v. *Watkins*, 70 Mo. 13; *Farnsworth* v. *Wood*, 91 N. Y. 308; *Arentz* v. *Weir*, 89 Ill. 25; *Hanson* v. *Donkersley*, 37 Mich. 184; *Wincock* v. *Turpin*, 96 Ill. 135.

There are some to the contrary. That of *Cushing* v. *Perot*, 175 Pa. St. 66, is one of those relied on by the appellants. The learned Judge who delivered the opinion in that case thought that the weight of authority was with that decision, but we do not so find it, nor can we agree with the reasoning of that case, especially when considered in connection with our own decisions. The Supreme Court of Massachusetts in *Hancock National Bank* v. *Ellis*, 172 Mass. 39, expressly declined to follow it in construing the statute of Kansas before those Courts. See also *Bell* v. *Farwell*, 176 Ill. 489; *Western Nat. Bank* v. *Lawrence*, 117 Mich. 669; s. c. 78 N. W. Rep. 105, in reference to that statute. . In *Wilson* v. *Book*, 13 Washington 676, affirmed in *Watterson* v. *Masterson*, 15 *Ibid.* 511, the liability of the stockholders was passed on under a constitutional provision of that State, the Court holding that it constituted " a part of the receivers' trust fund which the Court is authorized to direct them to enforce for the benefit of all the creditors." In *State* v. *Union Stock Yard, etc.*, 103 Iowa, 549; s. c. 70 N. W. Rep. 752, the Court conceded that the general rule is that money due under the statutory liability is not an asset of the bank and that a receiver has no authority to collect it, but held that a receiver appointed by a decree under the statute of Iowa could enforce it. In *Manufacturing Company* v. *Langdon*, 44 Minn. 37, the fund allowed to be recovered by the receiver was capital stock which had been unlawfully refunded to the stockholders as dividends, and of course that was an asset. The case of *Minneapolis Base Ball Company* v. *City Bank, supra*, points out the distinction.

Without prolonging this opinion by the citation of other cases, it seems clear to us that the great weight of authority denies the right of the receiver to sue for a liability created by a statute such as the one before us, and when he has

been permitted to enforce such a claim it has, almost with-
out exception, been by reason of the peculiar provisions of
the laws before the Courts.   The National Bank Act and
statutes in some of the States expressly authorize suits to
be so brought, but this one not only does not so provide,
but as we have seen, the liability is only to those creditors
who became such while the party sought to be held was a
stockholder.   The fund arising from such liability is in no
sense an asset of the corporation and the receivers have no
interest in it.   The demurrer was therefore properly sus-
tained and the judgment must be affirmed.   As it appears
that the appellants were authorized by the Court to sue, we
will direct the costs to be paid out of the estate.

> *Judgment affirmed, costs to be paid
> out of the fund in the hands of
> the receivers.*