## GEORGE A. STRAUSS et al. *vs.* WALTER L. DENNY.

*Pleading—Statutory Liability of Stockholders of Bank to Creditors— What Indebtedness of the Bank to the Stockholder May be Set Off Against Creditor's Claim—Limitations.*

A replication is demurrable which does not raise a question of fact upon which issue can be joined but presents only a conclusion of law.

Defendant was a stockholder in a bank and liable under the charter for its debts to the amount of the par value of his shares. Shortly before the insolvency of the bank and the appointment of receivers for it, a promissory note of the bank upon which defendant was one of the endorsers was paid by the bank. This payment was held to be an illegal preference and the defendant was required to repay to the receivers the amount of the preference. It was also held in a prior case that in a suit by a creditor of the bank to enforce the statutory liability of a stockholder the latter is entitled to set off against the claim an indebtedness of the bank to him. In this action by a creditor of the bank to enforce defendant's statutory liability as a stockholder, *Held*,

1st. That although the defendant paid the amount for which he was adjudged to be liable not directly to a creditor of the bank but to the receivers, yet that sum having been distributed through them to the creditors, the defendant is entitled to plead set off against the plaintiff's claim.

2nd. That the defendant did not become a creditor of the bank when he endorsed the note but when his liability was enforced against him, and his payment having been made within three years before the filing of the plea of set off, the statute of limitations is not a bar to the plea.

Appeal from the Baltimore City Court (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Augustus C. Binswanger* (with whom were *Francis I. Mooney* and *Myer Rosenbush* on the brief), for the appellant.

*Edward S. Kines* (with whom was *Robert H. Smith* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is another in the series of cases growing out of the insolvency of the South Baltimore Bank.   At the time of its failure, the plaintiffs were joint depositors in, and creditors of said bank in the sum of $734.70, and the defendant, before and at that time, was the owner of thirty-five shares of the capital stock of the bank, of the par value of $25 per share.

Under the charter of the bank, the stockholders and directors were liable for all the debts and liabilities of the corporation to the amount of the par value of their respective shares of stock therein.   The receivers of the bank, duly appointed upon its failure, have, since their appointment, paid the plaintiffs two dividends upon their claim, aggregating sixty-two per cent of its amount, but still leaving due the sum of $279.18, and this suit is brought to enforce the defendant's statutory liability for this balance.

The defendant, with Winfield S. Cahill and Norman H. Story were before the failure of the bank on February 24th, 1898, endorsers upon a demand note of the South Baltimore Bank for $5,000, discounted by the Citizens' Nat. Bank of Baltimore, which was taken up by the South Baltimore Bank, the day before that bank went into the hands of receivers. This was held by the Circuit Court for Baltimore City to constitute an illegal preference which must be repaid, and that decision was affirmed by this Court in *James Clark Co.* v. *Colton*, 91 Md. 195.   In a subsequent suit by the receivers against two of these endorsers, Cahill and Denny, to recover the amount of this illegal preference, made for their benefit, they were required by a decree of the Circuit Court of Baltimore City to repay the amount of that note with interest, and after crediting the note with the two dividends above mentioned which had been allowed in the auditor's accounts then stated, Denny and Cahill each paid the receivers about $1,100 as the balance due from them respectively.

To the declaration of the case before us, which set forth all the facts necessary to show the defendant's statutory liability, and the extent thereof, the defendant pleaded, not indebted,

and never promised, upon which pleas issue was joined; and the defendant also filed the following special plea by way of equitable set off;

"And for a third plea, the defendant for defense on equitable grounds says:

"That the defendant paid to William Colton and Simon P. Schott, receivers of said South Baltimore Bank, prior to the institution of this suit, the sum of $2,995, which sum was by an order of Circuit Court No. 2, of Baltimore City, distributed among the creditors of the South Baltimore Bank, the plaintiff being one of said creditors, and having received his dividend out of said sum, and that by such payment the defendant became, and is, a creditor of said bank in the sum of $1,100, an amount greater than the amount of the shares of stock in said bank alleged to have been owned by him at the time of its failure, and that by reason thereof there is no liability on his part to the plaintiffs."

To this plea the plaintiff filed seven replications. The 1st and 2nd alleged that the defendant did not become by the payment alleged in the plea, a creditor of the South Baltimore Bank. The 4th, 5th and 6th, in varying phraseology, alleged that the equitable set-off claimed, did not accrue within three years before plea pleaded; the third alleged that the payment mentioned in the plea was made under a decree of the Circuit Court of Baltimore City in the case of *Colton et al., Receivers,* v. *The James Clark Co. et al.,* and that by said payment defendant did not become a creditor of the South Baltimore Bank; and the 7th alleged that the payment mentioned in the plea was not made in discharge of defendant's statutory liability as stockholder, and that defendant did not become, and is not, a creditor of the South Baltimore Bank as alleged in the plea.

To the first and second replications, defendant rejoined that he did become a creditor of the South Baltimore Bank by the payment to the receivers, in an amount greater than the shares of stock held by him at the time of the failure; to the 4th, 5th and 6th he rejoined, in appropriate form to the phraseology of

each replication, that the set-off claimed did accrue within three years before plea pleaded; and to the 3rd and 7th he demurred. Issues were then joined on all the rejoinders, and the demurrers being sustained by the Court, the trial proceeded before JUDGE DENNIS sitting as a jury. The plaintiffs offered ten prayers, all of which were rejected, and none were offered by the defendant. The plaintiffs excepted to the rejection of their prayers, and the verdict and judgment being against them, they have appealed.

Neither the third nor the seventh replication raises any question of fact upon which issue could be joined, or to which rejoinder could be made. The third undertakes to assert what was the legal effect of a payment made under a decree of Court, and while the seventh is apparently framed so as to create the impression that it tenders an issue of fact, namely, whether the alleged payment was made to the receivers, yet when read as a whole, it is plain that the denial is not of the fact of payment, but merely of the legal effect of the alleged payment to discharge the defendant's liability. Conclusions of law in a pleading not being admitted by a demurrer thereto, and these replications stating only conclusions of law, the demurrers thereto were properly sustained.

Only two questions arise upon the exceptions to the ruling on the prayers:

1st. Whether there was evidence to show that defendant is a creditor of the bank entitled to plead the set-off claimed; and

2nd, whether the alleged set-off accrued within three years prior to the filing of the plea.

In *Cahill* v. *Original Big Gun Association*, 94 Md. 353, a plea in the precise words of this plea, relying upon the payment made by Cahill on the same note upon which the defendant's payment was made, was sustained on demurrer, the Court saying: "There is no valid reason why a stockholder who is also a creditor, should not be entitled as a matter of equity to set up as an equitable defense, the debt of the bank to him against his own liability."

·If, therefore, the defendant was a creditor of the bank in an amount equal to his statutory liability, and if the debt thus due him was not barred by limitations when his plea was filed, .the plea presented a full defense.

Upon the first question ; if the defendant, before the insolvency of the South Baltimore Bank, had, as indorser, paid his proportion of the $5,000 note discounted by the Citizens' Nat. Bank, he would have become a creditor of the South Baltimore Bank for the amount so paid, and certainly could have set off such indebtedness to him, under the decisions in *Colton & Schott, Receivers,* v. *The Drovers' Building and Loan Association,* 90 Md. 85, and in *Cahill* v. *Original Big Gun Association, supra,* in a suit against him to enforce his statutory liability. Since the insolvency of the South Baltimore Bank the receivers take its place and stand for it, and under the decree in *The James Clark Co.* v. *Colton, supra,* the defendant has paid to the receivers his proportion of the $5,000 note illegally paid by the South Baltimore Bank to the Citizens Nat. Bank for the protection of himself and Cahill. He has thus in effect paid so much of that note, and in law and in morals, is thereby as effectually made a creditor of the South Baltimore Bank, as if he had paid it to the cashier before its insolvency. The creditors of that bank have received from the assets of the bank, in their dividends paid them by the receivers, the very money which this defendant paid the receivers under the decree in *The James Clark Co.'s case,* and it would be a mockery of justice to hold that the defendant was not a creditor of the South Baltimore Bank.

But the plaintiffs contend that since in *Colton* v. *Mayer,* 90 Md. 717, it was held that receivers of an insolvent corporation have no power to enforce this statutory liability, which can only be enforced by the creditors themselves, that this liability can only be discharged by payment directly to one who could maintain an action against him. But this theory is wholly inconsistent with the decision in *Cahill* v. *Original Big Gun Association, supra,* for if this theory were correct, the Court must have sustained the demurrer to the plea, which they overruled.

This plea alleges that the payment was made to the receivers, and further that it was distributed under the order of the Court to the creditors of the South Baltimore Bank of whom plaintiffs were one. If this be so, that was payment (through the receivers) to those who could have maintained an action for it in their own name, and this removes any supposed difficulty growing out of the case of *Colton* v. *Mayer*. The evidence in this case does expressly show payment to the receivers, but it does not in express words show the distribution to the creditors. This however is unnecessary, since if not actually distributed to the creditors it remains for distribution and is secured to them by the personal responsibility of the receivers, and by their bond, when distributed.

The 1st, 2nd, 7th, 8th, 9th and 10th prayers raise the question which we have considered, and it follows from what we have said that they were all properly rejected. The 3rd, 4th, 5th and 6th prayers are addressed to the question of limitations, and all proceed upon the theory that the defendant became a creditor of the South Baltimore Bank when he endorsed the note discounted by the Citizens' Bank.

To determine this question it is only necessary to suppose that defendant, before the insolvency of the bank, and before payment by him of the note endorsed by him, had sued the bank for the amount of this note. In such case there would be no cause of action—no debt, and there could be no recovery. The intervention of insolvency, and of receivers, and the fact that the indebtedness constituting the cause of action is claimed under a plea of set-off, instead of an original and independent suit, can make no difference whatever. Defendant had no cause of action until he paid his proportion of the note in June or July, 1900, and his plea of set-off was filed April 9th, 1902—within three years thereafter. Further consideration of this question is therefore useless, and the prayers relating to it were all properly rejected.

*Judgment affirmed with costs above and below.*

(Decided November 21st, 1902.)