## KNICKERBOCKER TRUST CO. v. MYERS.

(Circuit Court, M. D. Pennsylvania. November 30, 1904.)

1. CORPORATIONS—STATUTORY LIABILITY OF STOCKHOLDERS—MANNER OF ENFORCEMENT.

Under Acts Md. 1892, p. 153, c. 109, § 85*l*, which provides with respect to certain kinds of corporations that "each stockholder shall be liable to depositors and creditors * * * for double the amount of stock at the par value" held by him, the liability is absolute and direct to creditors, and, both under the general law and the Maryland decisions, may be enforced by an action at law by a creditor against a particular stockholder to the extent of the creditor's claim or the limit fixed in the statute, any payment previously made being available as a defense pro tanto.

2. SAME—RETROACTIVE STATUTE—IMPAIRING OBLIGATION OF CONTRACT.

The right of individual action by a creditor for his own benefit, given by such statute, which became a condition of the creditor's contract with the corporation, could not be taken away by a subsequent statute; and Act Md. 1904, p. 579, c. 337, which attempted to take away such right, and substitute therefor a single suit in equity in a Maryland court for the benefit of all creditors, to which any nonresident stockholder might become a party, and provided that, when any such stockholder did so, any individual action pending against him, and commenced since January 1, 1903, should abate, is invalid, not only because it substitutes a remedy less efficacious to a creditor who has brought an action against a solvent stockholder, but also because it impairs the obligation of his contract by retroactively changing the character of the stockholder's liability thereunder.

3. SAME—NATURE OF LIABILITY—ACTS OPERATING TO DISCHARGE.

Under Acts Md. 1892, p. 153, c. 109, § 85*l*, which makes stockholders directly liable to creditors of the corporation for double the par value of their stock, such liability is not secondary, but primary, and, as between them, the stockholder is a principal debtor, who may be sued without exhausting the remedy against the corporation; hence an agreement between a creditor and the corporation by which collaterals are applied on the debt at an agreed value in good faith, or a settlement with indorsers by which they are released on payment of an agreed sum. does not operate to discharge a stockholder from liability for a balance still due the creditor.

4. SAME—SALE OF STOCK—FAILURE TO HAVE TRANSFER RECORDED.

A stockholder in a corporation cannot avoid his statutory liability to a creditor on account of stock which he sold prior to the creation of the debt, where he neglected to have the stock transferred on the books of the company as required by its rules and the terms of his certificate.

At Law. Rule for judgment non obstante veredicto on reserved points.

¶ 1. Stockholders' liability to creditors, see notes to Rickerson Roller Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.

Action at law to enforce the liability of a stockholder of a corporation imposed by statute in favor of creditors. Verdict was taken for plaintiff for $4,000, subject to the following points of law which were reserved:

(1) Whether there was any evidence on which the plaintiff is entitled to recover, with leave to enter judgment in favor of the defendant notwithstanding the verdict if the court should be of the opinion that, upon the law, it should be so entered. (2) But if the court should be of opinion that the plaintiff was entitled to recovery, then subject to the further point whether the verdict should not be reduced from $4,000 to $2,000, in view of the admitted fact that the defendant on May 9, 1900, prior to the time when any liability had accrued to the plaintiff in the premises, had sold to one Jacob Slagle 100 of the 200 shares of the stock of the City Trust & Banking Company, on which the defendant's liability is claimed, and had delivered the certificate for such shares to said Slagle, duly indorsed, but had failed to have the shares transferred on the books of the company as required by its rules.

W. Calvin Chesnut and C. E. De Lone, for plaintiff.
Nevin M. Wanner and C. E. Ehrhardt, for defendant.

ARCHBALD, District Judge. It is not disputed that at the time the City Trust & Banking Company of Baltimore, Md., became indebted to the plaintiff, on April 20, 1903, as well as in June following, when it became insolvent and passed into the hands of a receiver, the defendant, J. Wesley Myers, was a stockholder in the company, owning 100 shares, at least, of the par value of $1,000. He was credited on the books with double that number, which was the extent of his original holdings, acquired in March, 1900, but he had sold one-half of what he had in May of that year to one Jacob Slagle, turning over to him one of the two certificates into which he had had his stock divided for the purpose; no entry of this, however, having been made on the books of the company, as required by the terms of the certificate and the rules. The charter of the company, by express provision, was made subject to the Acts of the General Assembly of Maryland of 1892, p. 153, c. 109, wherein, in section 85*l*, it is ordained with regard to corporations of this character that "each stockholder shall be liable to depositors and creditors * * * for double the amount of stock at the par value held by" him, and it is upon this that the responsibility of the defendant in the present action is predicated.

The liability so imposed is absolute, direct, and several, and any stockholder may be pursued by action at the instance of a creditor, and judgment recovered to the full extent fixed by the statute, so far as it is necessary to satisfy his claim, provided the stockholder has not already paid other corporate debts, for which, so far as he has, he is entitled to credit pro tanto. Not only is this the general law (8 Cycl. Law Proc. 678, 679; 26 Am. & Eng. Encycl. Law [2d Ed.] 1021, 1041; Dreisbach v. Price, 133 Pa. 560, 19 Atl. 569), but it is that which prevails in Maryland, on which the liability of the defendant primarily depends (Matthews v. Albert, 24 Md. 535; Norris v. Johnson, 34 Md. 485; Hammond v. Straus, 53 Md. 1; Colton v. Mayer, 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456; Cahill v. Original Big Gun Ass'n, 94 Md. 353, 50 Atl. 044, 89 Am. St. Rep. 434). In Norris v. Johnson, 34 Md. 485, the

question was whether the liability could be enforced against an individual stockholder by one creditor, where others were shown to exist, or whether resort must be had to equity to obtain relief; and, in disposing of it, the court says:

"They [the members] become stockholders in these corporations voluntarily, and risk their money in them for expected gain to themselves, and with full knowledge of the nature and extent of the liability [which] the law says they shall assume in so doing. In this way credit is given to the corporation that contracts the debts, and, when debts are thus contracted, we see no objection to permitting any creditor to seek out any responsible stockholder, and sue him at law for the debt, and place on him the burden of proceedings in equity to obtain contribution from others equally liable with himself. The creditors, as amongst themselves, may here, as in other cases, be well left to a race of diligence in the recovery of their claims, especially when the extent of recovery as against any one stockholder is limited, and he can show that the limit has been reached, as a defense to any further suits. It is true, he may be thus compelled to pay more than his share, looking to the like responsibility of other stockholders, but for this he has his remedy in equity for contribution."

Supplementing this, it was held in Colton v. Mayer, 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456, not only that the liability ran directly to creditors, to be enforced in an action at law by a creditor against a particular stockholder, but that it could not be enforced by a receiver of the company for the benefit of all creditors generally.

Without disputing these principles, the defendant relies upon certain changes in the statute law of Maryland by which he claims to have been relieved. By act of March 25, 1904, p. 179, c. 101, section 85*l* of Acts 1892, p. 153, c. 109, which is the basis of the defendant's liability, was repealed, and re-enacted so as, in substance, to provide that, in corporations like the one here, stockholders should be individually responsible, equally and ratably, and not one for another, for the debts and engagements of the corporation, to the amount of their stock at its par value, in addition to such stock; such liability to be an asset of the corporation for the benefit of all creditors, so far as necessary to pay the debts, and to be enforced only by appropriate proceedings by a receiver, assignee, or trustee of the corporation, acting under the orders of a court of competent jurisdiction. But as it is expressly provided that the rights and remedies of any creditor under existing laws against the stockholders of the corporation who were liable to such creditor at the time of the passage of the act shall remain unaffected thereby, it needs no further notice. There is another modification, however, which is of more significance. By act of April 12, 1904, p. 597, c. 337, a section to be known as 85*l*1 was added to the statute, whereby it is provided that the exclusive remedy for the enforcement of liability, under the law as it stood before the repeal and re-enactment of the section referred to, should, as against stockholders residing in the state of Maryland, be by bill in equity in the nature of a creditors' bill by one or more creditors in behalf of all; in a court having jurisdiction within the limits of the county or the city of Baltimore, in which, as the case might be, the principal office or place of business of the corporation then was, or had

last been, to which bill stockholders residing beyond the limits of the state might become parties defendant, and thereupon should not be proceeded against in any other state or territory in respect to any liability imposed by the section as it stood before its repeal. This amendment was made operative as of the 1st of January, 1903, and was, as it is declared, to cause the abatement of all actions which had been brought against stockholders since that date to enforce the statutory liability created by the section under discussion as it stood before its repeal, with a saving provision, however, as to the operation of the statute of limitations, for the interim, as to any plaintiff in any such abated action who should within 60 days from the passage of the act become a party to the creditors' bill; the costs of such action to be transferred to, and taxed in, the equity proceedings. Availing himself of the privilege given by this enactment, the defendant, on his own petition, a few days before the present case was called for trial, was made a party defendant to a creditors' bill pending in circuit court No. 2 of Baltimore City, brought against the stockholders of the insolvent City Trust & Banking Company, to enforce the liability imposed by the statute by virtue of which it is contended that the present action falls.

The liability assumed by the defendant in becoming a stockholder, according to the law as it stood at the time he took stock in the corporation in question, in March, 1900, as well as in April, 1903, when the loan was obtained by it from the plaintiff company, was in the nature of a contract with prospective creditors (26 Am. & Eng. Encycl. Law [2d Ed.] 1020; Matthews v. Albert, 24 Md. 535; Norris v. Wrenschall, 34 Md. 492), and could not as such be impaired in any essential particular by state legislation (Hawthorne v. Calef, 2 Wall. 10, 17 L. Ed. 776; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Concord National Bank v. Hawkins, 174 U. S. 364, 19 Sup. Ct. 739, 43 L. Ed. 1007; Whitman v. Oxford National Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587). It ran moreover, as we have seen, directly from the stockholder to the creditor. Colton v. Mayer, 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456. And the obligation thus became a part of every contract, debt, and engagement of the corporation, as much as if severally made with the stockholder himself. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864. If this be so, it is difficult to see how the statutory changes to which reference has been made, and on which the defendant relies to escape responsibility, can be sustained. The attempt is made to do so on the ground that they affect the remedy only, and not the right, but this far from appreciates the radical difference in the results brought about. The stockholder may be liable to the same pecuniary extent as before, but the manner in which it is worked out is entirely changed. Instead of being answerable to the creditors severally, of which each is entitled to avail himself by separate action against any responsible stockholder, according to his own convenience, wherever found, and with respect to which, as between creditors, it is a race of diligence—the first to sue being entitled to appropriate the whole until fully paid—the liability

of the stockholder is to creditors, generally and ratably, to be enforced by bill in the courts of Baltimore, to which all are virtually constrained to resort. This is much more than a variation in remedies. It is a difference in substantive rights. Dexter v. Edmands (C. C.) 89 Fed. 469; Western National Bank v. Reckless (C. C.) 96 Fed. 70; Webster v. Bowers (C. C.) 104 Fed. 627; Woodworth v. Bowles, 61 Kan. 569, 60 Pac. 331. The contract which the creditor had with each stockholder, as though written into the bond, has been cut up by the roots, and it is idle to suggest that anything like an equivalent has been given in its place.

Even where a change of remedy is sanctioned, the new one to be valid, must be as efficacious as the old, which is not the case where it is so qualified and restricted as materially to abridge the rights of the party affected, as they stood under the previous law. Green v. Biddle, 8 Wheat. 1, 5 L. Ed. 547; Louisiana v. New Orleans, 102 U. S. 203, 26 L. Ed. 132; Seibert v. Lewis, 122 U. S. 284, 7 Sup. Ct. 1190, 30 L. Ed. 1161; McGahey v. Virginia, 135 U. S. 662, 10 Sup. Ct. 972, 34 L. Ed. 304; Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93. On this basis, therefore, equally with the other, the present enactment cannot stand. Not only, as we have seen, is the creditor, where before he had a free hand, remitted and confined, as to Maryland stockholders, to a suit with other creditors in the home forum of the insolvent corporation, and as to nonresidents of the state, to similar suits where they are to be found; but, by the express provision of the law, existing actions, if any, in which he had a perfect right of recovery, are abated, without more, if within the state, or, if elsewhere, by the nonresident stockholder, who is being pursued, voluntarily appearing as a defendant in a pending bill in the Baltimore courts. Applying this to the present case, the remarkable result is produced, that, under a law passed three weeks after the action was instituted, the defendant, four days before it is called for trial, by being made a party to a suit in the circuit court No. 2 of Baltimore, is enabled to defeat a recovery here, the right to which was complete when the action was begun; the plaintiff being turned out of court with costs. It is said that the costs are taken care of by the statute; being transferred to the equity proceedings, if the creditor so wills. It is not easy to understand how others who have had no part in making them can be burdened in this way, but, however that may be, the question of costs is only of incidental significance. The material thing is that the remedy originally possessed by the creditor, which entered into the very substance of the obligation, has been summarily cut off, and that the one which has been substituted so changes the relation of the parties as not only to affect the character and value of the contract, but seriously to hamper and abridge its enforcement. Having regard to the fundamental law of the land, this cannot be done.

It may be that, abstractly considered, the change in the law is just. Cushing v. Perot, 175 Pa. 66, 34 Atl. 447, 34 L. R. A. 737, 52 Am. St. Rep. 835; Ball v. Anderson, 196 Pa. 86, 46 Atl. 366, 79 Am. St. Rep. 693. It is, no doubt, a hardship to compel the individual stockholder to respond to the full amount of his liability in different suits to one or more creditors, until it has been exhausted, and then seek contribution from others similarly situated, in perhaps widely separated jurisdictions,

in order that he may have to pay no more than his proper share; from which, under the present act, he is relieved by a single suit in the courts of the domicile of the corporation, in which, after an ascertainment of the debts and a liquidation of the assets, the deficit is distributed amongst all the stockholders ratably. But these are considerations to be addressed to the lawmaking powers when the original act creating the obligation was passed, and have no place here. The matter is one of strict law, and must be so disposed of. This was not the character of liability imposed by the law as it stood when the defendant became a stockholder and the debt was contracted, and it is to that that the defendant must be held. The Legislature could not, without overturning the contract relations between the parties established by the statute, assume to substitute a different liability, and make it retroactive, as they have.

It is contended, however, that the defendant is discharged by the acts of the plaintiff, by which others who were held for the obligation have been released. It seems that, at the time the loan was made by the plaintiff to the City Trust & Banking Company, a note was taken, which the nine directors of the company personally indorsed and guarantied; bonds of the Hammond Ice Company, of the par value of $300,000, being also pledged as collateral security. Upon the subsequent default and failure of the company, by arrangement with the directors these bonds were credited at $20,000, which was conceded to be their full value, and the directors themselves paid over various sums, amounting in the aggregate to $15,000; the plaintiff thereupon agreeing to release them from anything further. The debt which was originally $100,000 was thus reduced to $65,000, which still remains unsatisfied, and many times exceeds the amount for which the defendant is sought to be held. But it is claimed that his obligation as a stockholder is that of a guarantor or surety, and therefore secondary to that of the corporation, which is primary and principal, and that, by the action of the plaintiff which has been referred to, he has therefore been prejudiced and discharged. But this clearly misconceives the law. However it may be under different statutory provisions, under the one which is here in question stockholders, as already pointed out, are responsible to creditors directly; and while it is true that the debt in each case is that of the corporation, so that, as between it and the stockholder, there is the distinction suggested, as between the creditors and the stockholder there is not. The undertaking of the latter is not that of a surety or guarantor, but of a principal debtor, to whom the creditor may at once resort. 8 Cycl. Law Proc. 677; 26 Am. & Eng. Encycl. (2d Ed.) 1021; 3 Clarke & Marshall, Private Corp. §§ 810, 814. It has accordingly been held that a creditor does not have to exhaust his remedies against the corporation before proceeding against stockholders. Hager v. Cleveland, 36 Md. 476; Conn. Riv. Sav. Bank v. Fiske, 60 N. H. 363. Nor will the latter be discharged by an extension of time given to the corporation without their consent. Harger v. McCullough, 2 Denio, 119. Neither would they, therefore, by such action as is complained of here. It is true that in Colton v. Mayer, 90 Md. 711, 45 Atl. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456, the obligation is considered by Boyd, J., to be "in the nature of a guaranty,

to creditors that, in the event of the failure of the corporation to pay its debts and liabilities, each stockholder would contribute towards their payment to the extent of the par value of the stock held by him." But this was spoken in another connection, and is not to be carried outside of that. It cannot have been intended to qualify the numerous decisions of the same court, referred to above, by which the obligation of the stockholder has been held to be direct and primary.

But it is said that the defendant at the time the debt was contracted, as well as at the date of the failure of the company, was the owner of but 100 shares, and should not, therefore, in any event, be held for more than $2,000—double their par value. Unfortunately, however, the disposition which he made of one-half of his stock to Mr. Slagle in May, 1900, was never entered on the books of the company as prescribed by its rules, and it is by these that his liability is to be determined. The law is well established that, where a transfer is required to be so entered, there must be a substantial compliance therewith, in order to relieve the original holder. 26 Am. & Eng. Encycl. Law (2d Ed.) 1039; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; Matteson v. Dent, 176 U. S. 521, 20 Sup. Ct. 419, 44 L. Ed. 571; Magruder v. Colston, 44 Md. 350, 22 Am. Rep. 47; Baltimore Retort Co. v. Mali, 65 Md. 93, 3 Atl. 286, 57 Am. Rep. 304; Bloede Co. v. Bloede, 84 Md. 129, 34 Atl. 1127, 33 L. R. A. 107, 57 Am. St. Rep. 373; Kerr v. Urie, 86 Md. 72, 37 Atl. 789, 38 L. R. A. 119, 63 Am. St. Rep. 493. As is said in Magruder v. Colston, 44 Md. 350, 22 Am. Rep. 47:

"Stockholders are those who appear on the books of the bank as owners of shares, and who are entitled to manage its affairs, and they can only throw off the liabilities incident to that relation by transferring the stock. Until this is done they continue to be stockholders, within the meaning of the [United States] banking act. * * * If creditors must look beyond the legal title as exhibited by the books of the bank, they can never know against whom to proceed."

And in Bloede Co. v. Bloede, 84 Md. 129, 34 Atl. 1127, 33 L. R. A. 107, 57 Am. St. Rep. 373, it is said:

"The entry of the transfer on the books of the company is required, not for the translation of the title, but for the protection of the parties and others dealing with the company, and to enable the company to know who are its stockholders entitled to vote at meetings, and to receive dividends when declared."

In the present instance the defendant, although warned by the certificate, simply indorsed it and turned it over to the party to whom he sold the shares; making no effort to see that the transfer was completed by a proper registry of the transaction on the books of the company. In this he failed in his duty both to himself and to all concerned, and cannot escape the consequences of his neglect upon the showing which is now made.

The rule for judgment non obstante veredicto in favor of the defendant on the points reserved is discharged. Let judgment be entered on the verdict in favor of the plaintiff for $4,000, with interest and costs.