## KNICKERBOCKER TRUST CO. v. CREMEN.

(Circuit Court, D. Maryland. June 26, 1905.)

CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—CHANGE IN LIABILITY OF STOCKHOLDERS.

Acts Md. 1892, p. 153, c. 109, imposing double liability on stockholders in certain classes of corporations, gave a creditor of such a corporation a right of action at law directly against a stockholder to recover his debt up to the limit of such double liability; and Acts Md. 1904, p. 179, c. 101, and Acts 1904, p. 597, c. 337, which undertake to substitute for such remedy a suit in equity in favor of all creditors and against all stockholders, is unconstitutional and void as against prior creditors of such corporations, as impairing the obligation of their contracts.

At Law. On demurrer.

Gans & Haman, for plaintiff.

Moses R. Waller, for defendant.

MORRIS, District Judge. The question submitted to this court upon the pleadings in the above-entitled case, and in the other similar cases against other defendants, is whether the act of the Legislature of Maryland of 1904 (Acts 1904, p. 601, c. 339) passed April 12, 1904, after the plaintiff's rights had accrued and after these suits were instituted, is in contravention of the clause of the Constitution of the United States inhibiting the enactment by a state of any law impairing the obligation of contracts. This question has been decided favorably to the contention of the plaintiff by District Judge Archbald in the case of Knickerbocker Trust Company v. Myers, in the Circuit Court of the United States for the Middle District of Pennsylvania, November 20, 1904 (133 Fed. 764), which decision was affirmed on appeal June 19, 1905, by the Circuit Court of Appeals for the Third Circuit (139 Fed. 111).

I agree with the conclusions announced in the decisions in the above-cited case, and the able opinions of District Judge Archbald in the Circuit Court and of Circuit Judge Gray in the Circuit Court of Appeals render it unnecessary for me to attempt to add anything to what they have already said.