BOARD OF LEVEE COM'RS *et al. v.* PARKER.

(In Banc. Jan. 29, 1940.)

[193 So. 346. No. 33928.]

622

Brewer & Sisson, of Clarksdale, for appellant, and cross-appellee, Board of Levee Commissioners for the Yazoo-Mississippi Delta.

**O. L. Kimbrough,** of Itta Bena, for appellant and cross-appellee, Town of Itta Bena.

Alfred Stoner, of Greenwood, for appellants, Taylor, Powell & Wilson, and Alfred Stoner.

628

Pollard & Hamner, of Greenwood, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The receiver of the First Savings Bank & Trust Company of Itta Bena has on hand for distribution about $1500, which was derived from the general assets of the bank, and about $4100, which arose from collections on judgments for stockholders' liability. At the time the bank closed its doors and went into liquidation it was a depository for the Yazoo-Mississippi Levee District, and security had been given, but the securities have been exhausted and there remains due to the Levee District $17,662.90, not including interest. The bank had on deposit the funds of the Town of Itta Bena, not secured, and there remains due the Town $16,132.23.

The questions which have been presented are: (1) How are these funds to be distributed, and (2) the priority vel non of certain costs and expenses incurred during the course of the liquidation. Were it not for the difficulties presented by Chapter 97, Laws 1908, we would readily say that the small sum on hand, derived from the general assets, are to be paid to the Levee Board and to the Town in the proportion of the respective balances due them. This would be so ordered under the terms of Section 2914, Code 1930, which gives to deposits by levee boards and towns the character of trust funds, and requires their preferential payment out of the general assets of the bank. And we would readily say that the fund derived from the stockholders' liability is to be distributed to all depositions of the bank, without preference among them, in proportion to the amounts remaining due them respectively, including the balances due to the levee board and the town, after debiting them with all amounts paid them out of the general assets, and after the levee district has exhausted such securities as had been deposited with it by or for the bank. Board of Levee Com'rs v. Powell, 109 Miss. 415, 69 So. 215.

Section 3815, Code 1930, provides that "the stockholders of every bank shall be individually liable, actually and ratably, and not for one another, for the benefit of the depositors in said bank to the amount of their stock at the par value thereof, in addition to said stock . . .," and the section further provides that such liability may be enforced by the officer in charge of the liquidation. This stockholders' liability is not a general asset of an insolvent bank, but is a special trust fund provided for the benefit of all the depositors, and for them alone. 1 Cook on Corporations (7th Ed.), Sec. 218; Sioux City Stock Yards Co. v. Fribourg, 121 Iowa, 230, 96 N. W. 747; Colton v. Mayer, 90 Md. 711, 45 A. 874, 47 L. R. A. 617, 78 Am. St. Rep. 456.

As already indicated, the difficulty is brought about by Chapter 97, Laws 1908, which was a special act for

the establishment of depositories for the said Levee District, and which, after requiring that all such depositories shall put up security as mentioned in the Act, provides in Section 3 as follows: "Said bond or bonds to be conditioned according to the law fixing the penalty and conditions for the bond of the treasurer of said Levee Board, and in addition to the above mentioned security the stockholders of all banks qualifying as depositories under this Act are hereby made liable for any loss sustained on account of the failure of such depository to faithfully discharge its duties as depository, and to pay over all amounts deposited with it upon demand, each stockholder being so liable for an amount equal to the par value of his stock in such bank. In the event any bondsman or stockholder reimburses said Board of Commissioners for any loss occasioned by a failure of a depository to faithfully discharge its duties as such, he is hereby subrogated to the rights of said Board of Commissioners against the other bondsmen and stockholders in such depository as before prescribed. It is further provided that the creating of this additional security and the acceptance of the collateral hereinbefore mentioned shall not be construed as waiving any rights, benefits, or privileges conferred by law upon the commission in the matter of recovering public monies or trust funds from banks in which they may be deposited. When the said board shall have selected a bank as its depository it shall be the duty of the secretary thereof to, within ten days thereafter, notify said bank of its selection, and the estimated maximum amount of money which will be on deposit at any time therein, in order that said bank may know the amount of security to be filed."

The rule is that when a particular local governmental subdivision is operating under a special statute or statutes, governing its operations, or enacted for its particular benefit, such special statutes are not displaced by general state-wide statutes, unless the general statute, by express words, or unmistakable implication, includes the

local subdivision. See the numerous cases gathered in the notes, 59 C. J., pp. 1056-1058.

The quoted section of the special statute creates as against the stockholders of a levee depository bank a special and particular stockholders' liability in favor of the levee district, not one in favor of all depositors as does the general statute, Section 3815, Code 1930; and, in consequence, the question at once arises, as to which we do not, and, for the reasons later stated, cannot now decide, whether the general statutory liquidator of an insolvent bank has any authority to collect, or sue for, the levee stockholders' liability, and whether before the levee district can participate in funds derived from stockholders under the general statutes, the district must show that it has, under the special statute, and in its own name resorted to the stockholders, and the result of that resort.

There is nothing in this record to show whether the levee district has ever taken any action on its part against the stockholders. For all that appears, except by mere inference, which is not a necessary inference, the levee district by action in due and proper time, could have collected from the stockholders every dollar of the balance due the district. There is nothing to show that the district may not yet do so, since no statute of limitations would run against the district on such a demand.

These and other questions that this special statute introduces into the problem have been supposed to be silenced by a stipulation in the agreed statement of facts as follows: "It is agreed that if preferences are allowed to said Town of Itta Bena and said Levee Board, the aggregate amount so allowed shall be apportioned pro rata in accordance with the unsecured deposit balances now due each."

The trouble about this stipulation is that if the levee district is entitled to a preference over the town or vice versa, neither of them can release that preference in whole or in part in favor of the other. Such a release or diminishment of what is due to one under the law

cannot be made in favor of the other because of the prohibition found in Section 100, Const. 1890, and such a stipulation is not within the exception in that section permitting the compromise of doubtful claims, for such a doubt arises only upon unliquidated demands or upon doubtful facts, not on what, for the want of a better term, may be denominated doubtful law.

The facts relative to a particular case may be settled by the agreement of the parties thereto; for none but they have any interest in the results that flow from the particular decision on the special facts. But decisions of questions of law must rest upon the judgment of the court uninfluenced by the admissions of parties or of counsel. Jones v. Madison County, 72 Miss. 777, 793, 18 So. 87.

It is apparent from what has already been said that the facts as now before us have not been covered or developed sufficiently that the court may proceed to an adjudication. In such a case, the duty of a chancery court is to require a full development of the facts, and of this court to remand that it may be done. All this was fully discussed in Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789.

In view of the remand, we pretermit entirely any discussion of the question of costs, fees, and the like, deeming it more appropriate that those questions shall await a more complete development of the facts of the case.

Reversed and remanded.