TAYLOR, POWELL & WILSON *et al. v.* PARKER.

(Division B.   Oct. 26, 1942.)

[10 So. (2d) 192.   No. 35080.]

**Alfred Stoner,** of Greenwood, for appellant, Taylor, Powell & Wilson.

516

O. L. Kimbrough, of Greenwood, and Brewer & Sisson, of Clarksdale, for Town of Itta Bena and Board of Levee Commissioners for Yazoo-Mississippi Delta.

518

Pollard & Hamner, of Greenwood, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee is receiver of the First Savings Bank & Trust Company of Itta Bena. This bank had purchased all the assets it was legally authorized to acquire from the First National Bank of the said town and assumed its obligations. On May 22, 1930, the savings bank went into liquidation. On June 4, 1930, suit was brought against said banks and others including the state superintendent of banks, by M. G. Williams and others to set aside certain conveyances acquired by the banks and for other relief, involving approximately the sum of $250,000. Upon motion by complainants, the appellant Alfred Stoner was appointed a special master to state the accounts between the parties and in such capacity was authorized to employ suitable auditors to this end. Appellants Taylor, Powell & Wilson were so employed and upon completion of their duties and the filing of the master's report, the court set aside these conveyances and decreed other relief by way of mesne profits and the like. It was further

decreed that the defendants be "taxed with all the costs which have accrued in this case including . . . master's fees . . . and auditors' fees, which are to be ascertained by the Clerk of this Court." A cost bill filed with the record included $100 as fees of the master and $1,000 as auditors' fees. The fact of such allowances and their reasonableness is attested by the decree of the court in the Williams suit and in the final decree herein appealed from.

The appellee, as receiver, has on hand the sum of $1,111.86 as general assets and the sum of $3,537.11 which had been collected from stockholders pursuant to their liability under Code 1930, sec. 3815. The question here presented is whether the fees due appellants are prior claims chargeable against the receiver in the liquidation. The decree of the court was (1) that the funds arising out of the liability of stockholders are to be distributed pro rata among all depositors without preference. Insofar as such holding affects the claimants, Board of Levee Commissioners for the Yazoo-Mississippi Delta, and the Town of Itta Bena, we cannot disturb this finding, for two reasons. First no appeal is taken by either from this finding; and second, the situation is found to be the same with respect to the said board as was presented in Board of Levee Commissioners v. Parker, 187 Miss. 621, 193 So. 346, in which our inability in the absence of factual data, to decide its rights was explained. The trial court further held (2) that the sum of $1,111.86 was liable to the preference claims of the above two claimants; and (3) that the costs in the Williams case, including the fees of appellants "are not costs accrued in the liquidation of the First Savings Bank & Trust Company," and that such claimants are merely general creditors.

It is evident that it was necessary for the trial court to deny the status of appellants' claim as costs in the receivership in order to avoid the effect of its further

finding that "before payment of any claims the receiver of the First Trust & Savings Bank shall pay the necessary and proper expenses of the conduct of his receivership in liquidation of this bank . . . said funds to be paid from the funds collected by said Receiver from stockholders' liability claims . . ." It was also necessary, in order to avoid the effect of Code 1930, Sec. 445, which provides that fees of masters shall be "taxed in the costs and collected in the same manner as the fees of the clerk," and of Section 3817 which provides that "when the compensation for the various parties aiding in the liquidation is fixed and approved the same shall be paid out of the funds of such bank in the hands of the superintendent and shall be a prior charge and lien on such assets."

We are of the opinion that the fees of appellants are properly a part of the costs involving the liquidation. The Williams suit involved approximately a quarter of a million dollars. Upon its issue hung the substantial welfare of depositors and creditors of the bank. The liability of the stockholders was put in hazard. The necessity for the instant proceeding is undoubtedly a result of the outcome of that litigation, whereby numerous conveyances to the liquidating banks were set aside. We can see no distinction, justified by either reason or principle, between a suit against the bank to acquire and a suit by the receiver to retain, valuable assets when under either view there was at stake substantial assets for its depositors and creditors. The outcome of the suit is not, and for legal and ethical reasons should not be, a factor in adjudging the rights of appellants. The costs of court of which appellants' fees are a part are not as to them, contingent upon the outcome of the litigation. Nor is there involved any consideration as to who was the successful or unsuccessful party, or whether in view of the outcome the fees are reasonable and proper, since the court has approved the several allowances. Appel-

lants are not parties, they are servants of the court and part of its administrative machinery. The results of their findings may have inured to the benefit of appellee and it was as much to his interest as to that of complainants that the facts be disclosed by careful audit.

In deciding this cause solely with respect to the assignments of error filed by appellants, we are compelled to reverse the holding of the learned chancellor as to the status of appellants' claims for fees. The cause will be remanded with directions to the appellee to pay the claims of appellants first out of any amounts now in his hands as general assets. Such fees being properly taxable as costs in the liquidation are to be dealt with as such, to the payment of which any other funds in the hands of appellee are next made liable. Other findings of the learned chancellor are not affected since they do not involve the interest of appellants and are not questioned by this appeal.

Reversed and remanded.