TYLER *v.* ODEN CONSTRUCTION COMPANY et al.

No. 41849 May 22, 1961 130 So. 2d 552

*Robert E. Arrington* and *Lawrence D. Arrington,* Hattiesburg, for appellant.

*Dudley W. Conner,* Hattiesburg, for appellees.

ARRINGTON, J.

It is admitted that the claimant, David Tyler, was seriously injured in the course of his employment on December 6, 1957, as the result of a heavy piece of roofing falling on the left leg and ankle. The injury, according to the testimony of Dr. G. A. Bynum, was a compound fracture of the bones of the left leg and ankle and the left foot was almost severed, except for the ligaments. The doctor also expressed his opinion that a possible amputation of the foot would be necessary. However, this was not done. Instead, the leg and foot were placed in a cast and later plastic surgery-skin grafts were performed by Dr. Bynum. At the time of Tyler's discharge on May 27, 1959, the leg was healed.

The record shows that the claimant was 63 years of age at the time of the hearing and according to his testimony was unable to do any kind of work. It was also shown that at the time of the injury he weighed 162 pounds and that his weight is now 129 pounds. It is also shown that he has followed construction work since 1945.

The attorney-referee found that as a result of his injury the complainant suffered permanent partial disability to his left leg in the amount of fifty per cent on and after April 27, 1959, and ordered that compensation be paid at the rate of $25 per week for a period of 87½ weeks. The Commission and the circuit court affirmed the findings of the attorney-referee.

The sole question involved on this appeal is whether the claimant was entitled to and should have been award-

ed compensation for 175 weeks for the total loss of the use of his left leg. Dr. Bynum testified with reference to the seriousness of claimant's injury; that he was admitted to the hospital on December 6, 1957, and discharged from the hospital on June 11, 1958. Then after that, he reported to the doctor at his office for checkups.

 █ It is a matter of common knowledge that construction work entails heavy manual labor. The evidence is without dispute that claimant has not worked since his injury on December 6, 1957, and according to his testimony, was not able to do so at the time of the hearing. The two doctors gave him a medical disability of approximately fifty per cent. Dr. Bynum's testimony is susceptible of no conclusion other than that he had a total loss of use of the leg for wage-earning purposes. As was said by this Court in Reed Construction Co. v. Martin, 215 Miss. 472, 61 So. 2d 300: "When the whole evidence is considered, it leads inescapably to the conclusion that Martin, by reason of his injury, is prevented from doing the substantial acts required of him as a carpenter. Moreover, due to his advanced age and physical condition, it appears most unlikely that he will be able to pursue any other gainful employment." This case was cited in the case of Lucedale Veneer Co. v. Keel, 223 Miss. 821, 79 So. 2d 233 and in the case of Modern Laundry v. Williams, 224 Miss. 174, 79 So. 2d 829. █ We are of the opinion that the instant case is controlled by the above cited cases and that the finding of the Commission as affirmed by the circuit court is not supported by substantial evidence, and it follows that the judgment is reversed and judgment entered here for complainant awarding him 175 weeks compensation for the loss of the use of his left leg and remanded to the Commission.

An attorneys' fee of thirty-three and one-third per cent of the amount recovered is allowed to claimant's attorneys for all services rendered in this cause.

Reversed and remanded.

*Lee, P. J.,* and *Kyle, Ethridge* and *Rodgers, JJ.,* concur.