# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CT-01411-SCT

*BRENDA WEATHERSPOON*

*v.*

*CROFT METALS, INC., AND LIBERTY MUTUAL INSURANCE COMPANY*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2000 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAMPTON O. WILLIAMS, JR. |
| ATTORNEY FOR APPELLEE: | JOHN S. GONZALEZ |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED - 04/24/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. At issue in this appeal is the amount of workers' compensation benefits due an employee for partial loss of use of her arms. We granted certiorari because the case requires a reconsideration of the proof in compensation cases of this nature. We reverse the decision of the Court of Appeals and reinstate the judgment of the Commission.

## FACTS AND PROCEEDINGS BELOW

¶2. Brenda Weatherspoon was employed at Croft Metals, Inc. in the assembly of screens. Her specific duties included repetitive insertion of vinyl strips used to hold the screening material in the frames.

Weatherspoon had been performing this job for four months when she suffered a repetitive-motion injury to both hands that was diagnosed as carpal tunnel syndrome. Her condition was treated by surgery to both wrists, and her physician concluded that, after reaching maximum medical improvement, Weatherspoon suffered a ten percent (10%) permanent medical impairment to both upper extremities. The physician advised her to avoid activities requiring prolonged periods of repetitive movements, including using her hands for gripping or pushing activities. There is no dispute that these restrictions prevented her from returning to the same duties at Croft Metals.

¶3. The administrative judge found that Weatherspoon had suffered a one-hundred percent (100%) industrial disability to her right arm, entitling her to two-hundred (200) weeks of compensation. The administrative judge further concluded that the injury to her left arm could not further diminish her ability to perform the duties of her previous employment and awarded her a ten percent (10%) of the maximum scheduled benefits for the left arm, or twenty (20) weeks.

¶4. Croft Metals appealed to the Full Commission which concluded that Weatherspoon had failed to establish an industrial disability which exceeded the medical disability set by her physician. The Commission reduced her award to forty (40) weeks or ten percent (10%) of the maximum period for each arm, placing substantial reliance on evidence that Weatherspoon had been less than diligent in pursuing other work. Upon judicial review, the Circuit Court of Pike County affirmed the decision of the Full Commission.

¶5. Weatherspoon appealed, and the Court of Appeals, in a 6-4 decision, reversed and remanded to the Commission for a determination of the total amount of permanent partial benefits due based on two-hundred (200) weeks for the right arm (or 100% industrial disability) and twenty (20) weeks for the left arm. The Court of Appeals found that the evidence that Weatherspoon could not perform the tasks of her

former job was uncontradicted, and that no other inquiry was required. The Court of Appeals held that if Weatherspoon were unable to perform those substantial acts of her employment with Croft Metals as a result of her injury, then she was entitled to benefits for the total loss of use of the scheduled member, citing *McGowan v. Orleans Furniture Co.*, 586 So.2d 163 (Miss. 1991); *Piggly Wiggly v. Houston*, 464 So.2d 510 (Miss. 1985); *Richey v. City of Tupelo*, 361 So.2d 995 (Miss. 1978); *Bill Williams Feed Serv. v. Mangum*, 183 So.2d 917 (Miss. 1966); *McManus v. S. United Ice Co.*, 243 Miss. 576, 138 So.2d 899 (1962).

## STANDARD OF REVIEW

¶6.     The standard of review in workers' compensation cases is limited. The substantial evidence test is used. *See Walker Mfg. Co. v. Cantrell*, 577 So.2d 1243, 1245-47 (Miss. 1991). The Workers' Compensation Commission is the trier and finder of facts in a compensation claim. This Court will overturn the Workers' Compensation Commission decision only for an error of law or an unsupported finding of fact. *Georgia Pac. Corp. v. Taplin*, 586 So.2d 823, 826 (Miss. 1991). Reversal is proper only when a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. *Smith v. Jackson Constr. Co.,* 607 So.2d 1119, 1124 (Miss. 1992).

## DISCUSSION

¶7.     At issue is whether a permanent partial disability of scheduled members (arms) which renders a worker unable to continue in the position held at the time of the injury entitles that worker to benefits commensurate with full occupational loss of use of her arms. This issue involves the proper analysis of a claimant's "usual employment" and whether that analysis should be made with regard only to the claimant's job at the time of injury or whether "usual employment" has a broader meaning.

3

¶8.     Case law has established that a claimant suffering a scheduled member injury is entitled to the higher of the two disabilities, functional or occupational, in the event of a variance in the two.  For example, if Weatherspoon had suffered an arm injury which translated to a 25% occupational/industrial disability, but a 40% functional disability, she would be entitled to benefits based on the 40% functional disability. *Walker Mfg. Co. v. Cantrell*, 577 So.2d at 1248.

¶9.     Recently, this Court addressed the issue in *Meridian Professional Baseball Club v. Jensen*, 828 So.2d 740 (Miss. 2002).  In that case, Blair Jensen, a twenty-one year old high school graduate suffered an injury to his left arm while employed as a professional baseball player for the Meridian Brakemen. Even though Jensen's arm was classified at only 7% functionally impaired after maximum recovery, he sought workers' compensation benefits for full occupational loss of use of his left arm, arguing that he was unable to return to his "usual profession" as a baseball catcher.  It was undisputed that Jensen had worked a wide array of other jobs between baseball seasons and, that at the time of his hearing, he was working full time at a medical clinic making more money per week than he had as a baseball catcher.

¶10.    The Court noted that case law has clearly established that maximum scheduled benefits should be awarded where the injury prevents the worker from performing the "substantial acts of his usual employment." *McGowan*, 586 So.2d at 166-68; *Piggly Wiggly v. Houston*, 464 So.2d at 513; *Richey v. City of Tupelo*, 361 So.2d at 997-98; *Bill Williams Feed Serv. v. Mangum*, 183 So.2d at 920; *McManus v. S. United Ice Co.*, 243 Miss. at 584, 138 So.2d at 901; *Tyler v. Oden Constr. Co.*, 241 Miss. 270, 273, 130 So.2d 552, 553 (1961); *Modern Laundry v. Williams*, 224 Miss. 174, 179-80, 79 So.2d 829, 832 (1955); *Lucedale Veneer Co. v. Keel*, 223 Miss. 821, 827, 79 So.2d

4

233, 236 (1955); *M.T. Reed Constr. Co. v. Martin*, 215 Miss. 472, 473, 61 So.2d 300, 303 (1952), *overruled on other grounds by Smith*, 607 So.2d at 1128.

¶11.    In the case before us today, just as in *Meridian Baseball*, the question is whether the job at the time of injury is necessarily the claimant's usual employment. Furthermore, like *Meridian Baseball*, this case illustrates the distinction between functional and occupational loss, where "functional" or "medical" loss refers to physical impairment and "industrial" or "occupational" loss is how the "functional or medical disability" affects the claimant's ability to perform duties of employment. *McGowan*, 586 So.2d at 166.

¶12.    When a permanent partial disability renders a worker unable to continue in the position held at the time of the injury, there is a rebuttable presumption of total occupational loss of use of the member, subject to other proof of the claimant's ability to earn the same wages that the claimant was receiving at the time of the injury. *See McGowan*, 586 So. 2d at 167.

¶13.    Brenda Weatherspoon had been working at Croft Metals for only four months before developing carpal tunnel syndrome. Prior to her employment with Croft Metals, she held a variety of other jobs and, at the time of the workers' compensation hearings, she held a commercial driver's license. She testified that she intended to find work as a truck driver, and the record before this Court indicates that she has since found employment as a truck driver. In light of the foregoing analysis, Weatherspoon's claim for benefits for total occupational loss of use of her arms fails. Because the Commission's findings are supported by substantial evidence and Weatherspoon failed to establish an industrial disability that exceeds her medical disability, the decision of the Commission should be reinstated.

## CONCLUSION

¶14.    In determining whether the occupational disability due to the permanent partial loss of use of a scheduled member exceeds the functional or medical loss, the scope of "usual employment" is broader than

5

the job held at the time of the injury. Wage-earning capacity is a factor to be considered, and the Commission should look to the entire factual context to make such a judgment. The Commission's decision that Weatherspoon had failed to establish an industrial or occupational disability that exceeds the medical disability set by her physician was proper and should be reinstated. The Court of Appeals erred in holding that Weatherspoon was entitled to benefits for the total loss of use of a scheduled member merely because she was unable to return to her employment with Croft Metals. Accordingly, the judgment of the Court of Appeals is reversed, and the decision of the Commission is reinstated.

¶15.     **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.**

     **PITTMAN, C.J., SMITH, P.J., WALLER AND COBB, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ.**

     **McRAE, PRESIDING JUSTICE, DISSENTING:**

¶16.     I dissent to the majority's finding that Brenda Weatherspoon is not entitled to workers' compensation benefits for having suffered a total occupational loss of her arms due to carpal tunnel syndrome. I would affirm the Court of Appeals.

¶17.     The majority places emphasis on newly presented evidence which shows Weatherspoon has obtained employment as a truck driver. Her current employment status was not before the Commission and is not part of the original record for which this Court is called upon to review. Her current job and income should not matter. At the time this case was before the Commission for review, Weatherspoon was without employment and had no income. This Court has held that the applicable standard of review is as follows:

6

Our standard of review of workers' compensation cases is well established. If the Commission's finding of fact and order are supported by substantial evidence, then we are bound by them even though we as fact finder would have been convinced otherwise.

*Spann v. Wal-Mart Stores, Inc.*, 700 So.2d 308, 311 (Miss. 1997) (citing *Fought v. Stuart C. Irby Co.*, 523 So.2d 314, 317 (Miss. 1988)). Additionally, the Court of Appeals has stated the standard of review as follows:

The Workers' Compensation Commission sits as the "ultimate finder of facts" in deciding compensation cases, and therefore, "its findings are subject to normal, deferential standards upon review." We hold that judicial review of findings of the Commission extends to a determination of whether they are clearly erroneous. And a finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.

*Good Earth Dev., Inc. v. Rogers*, 800 So.2d 1164, 1166 (Miss. Ct. App. 2001) (quoting *J.R. Logging v. Halford*, 765 So.2d 580, 583 (Miss. Ct. App. 2000) (other citations omitted)). "The commission is the agency empowered to apply the statutory scheme created for workplace injuries, and within broad limits their view on the evidence is binding." *City of Laurel v. Blackledge*, 755 Fo.2d 573, 576 (Miss. Ct. App. 2000) (citing *Smith v. Jackson Constr. Co.*, 607 So.2d 1119, 1124 (Miss. 1992)). As this Court and the Court of Appeals have found, review of Commission findings is limited to the evidence presented before the Commission. Here, the Court of Appeals correctly applied the law to the Commission's findings based on the evidence presented, and this Court should not disturb the Court of Appeals' judgment.

¶18.    Furthermore, does this Court want to discourage and punish those who seek to obtain employment despite their disability? Weatherspoon did exactly what the Workers' Compensation Act and precedent encourage her to do. She sought new employment. This Court should not punish her efforts by now

7

denying her disability benefits, especially since she may soon be forced to leave the truck driving profession once her carpal tunnel syndrome begins to worsen.

¶19.    For these reasons, I dissent.

**DIAZ AND EASLEY, JJ., JOIN THIS OPINION**.