996 So.2d 181 (2008)
Katheryn CURL, as Dependent of Ricky A. Curl, Deceased, Appellant
v.
QUALITY ALUMINUM PRODUCTS, INC. and Builders and Contractors Association of Mississippi, Appellees.
No. 2007-WC-01757-COA.
Court of Appeals of Mississippi.
December 9, 2008.
*182 David C. Owen, Columbus, attorney for appellant.
Richard Mack Edmonson, Jackson, James Howard Murphy, Ridgeland, attorneys for appellees.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Katheryn Curl appeals the Lowndes County Circuit Court decision to affirm the Mississippi Workers' Compensation Commission's (Commission) denial of benefits to her husband's estate. The Commission affirmed the Administrative Law Judge's (ALJ) order denying benefits, finding that her husband's death was not casually connected to his employment. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Ricky Curl (Curl) was employed as a laborer by Quality Aluminum Products *183 (Quality) installing aluminum siding, awnings, windows, doors, and patio covers. On June 11, 2002, Curl and his co-worker Robbie Desmidt (Desmidt) were sent to install a patio cover. The two had to install a ten-by-twenty foot patio cover requiring the use of saws and six-foot ladders. The work required lifting no more than fifteen pounds at any time on this project. Desmidt testified it was a normal, average workday.
¶ 3. The two arrived at the job site and began work around 9:00 or 9:30 that morning. Between 10:00 and 10:30 a.m., Curl and Desmidt took a break from work, and Curl said he was feeling a little wheezy. The two returned to work until lunch. After resuming work from their lunch break, Curl began to feel wheezy again, and he went around the side of the house twice and vomited. He attributed this feeling to drinking the well water from the house where they were installing the patio cover. The two discussed leaving the job site early to allow Curl to see a doctor, but Curl decided to stay and complete the job, with Desmidt doing a majority of the work.
¶ 4. After completing work for the day, the two loaded up the truck and headed back to Quality's shop. During their ride back, Curl began having seizure-like convulsions and fell over into Desmidt's lap. Desmidt was unable to get a cell phone signal to call 911, so he continued driving until he reached the first convenience store on the highway. From there, he called 911 and began cardiopulmonary resuscitation (CPR) on Curl. An ambulance arrived and transported Curl to the nearest hospital. Despite the efforts of the paramedics and emergency room doctors, Curl was pronounced dead at 5:17 p.m. The attending emergency room physician labeled Curl's death as cardiac arrest. No autopsy was performed.
¶ 5. On January 29, 2003, Katheryn Curl (Katheryn), Curl's surviving wife, filed a petition to controvert with the Commission, alleging that Curl death's was due to his working conditions.
¶ 6. By order entered on November 14, 2005, the ALJ found that Curl's death was not connected to his employment and, thus, not compensatable. Katheryn appealed that order to the Commission, which affirmed the ALJ's decision. Katheryn then appealed to the Circuit Court of Lowndes County, which affirmed the decision of the Commission. Consequently, Katheryn filed this appeal.

STANDARD OF REVIEW
¶ 7. The standard of review in workers' compensation cases is well established. The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778(¶ 6) (Miss.2003) (citing Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss. 1992)). If the Commission's decision and findings of fact are supported by substantial evidence, then we are bound by them even if we, as fact-finder, would have been convinced otherwise. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 311(¶ 12) (Miss. 1997) (citing Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)).

DISCUSSION
¶ 8. Katheryn asserts eleven errors on appeal. In the interest of judicial economy, all issues will be addressed together.

WHETHER THE COMMISSION'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.
¶ 9. Katheryn argues the Commission's findings were not supported by the evidence provided. The Commission *184 found that there was no presumption of a casual connection under the circumstances and that Katheryn failed to prove that her husband's death was work-related. After discussing the distinction between cases where a worker is "found dead" at work and cases where a worker "fell/falls dead" at work, the Commission concluded the facts clearly placed this case within the "fell dead" category. The Commission went on to explain that the "falls dead" presumption did not survive the 1988 amendment to Mississippi Code Annotated section 71-3-3(b) and is no longer valid.[1]See Harbin v. Outokumpu Heatcraft USA, LLC, 958 So.2d 1260, 1263(¶ 6) (Miss.Ct. App.2007). Thus, Katheryn must establish her husband's death was caused by his employment. The Commission ruled that Katheryn failed to sufficiently establish the causal connection between her husband's work and his death.
¶ 10. "Regardless of the `found dead' or `fell dead' debate, heart attack cases, although considered `peculiarly difficult problem[s] in the compensation law,' require proof of a causal connection between the attack and the work activity as well as evidence that the physical exertion or stress exceeded the ordinary wear and tear of life." Harbin, 958 So.2d at 1263(¶ 7) (citing V. Dunn, Mississippi Workers' Compensation § 91 (3d ed.1987)).
¶ 11. In support of her argument, Katheryn presented the opinion of Dr. Robert Buckley. Dr. Buckley, a former pediatrician, practices in the area of family medicine. Dr. Buckley reviewed Curl's hospital records, Desmidt's deposition, Katheryn's deposition, and another expert's deposition in formulating his opinion. Dr. Buckley never treated or examined Curl. Dr. Buckley opined that Curl died of a heart attack and that his work that day was a contributing factor to the heart attack.[2]
¶ 12. In contrast, the Appellees offered the opinions of two cardiologists, Dr. Alfredo Figueroa and Dr. Davis Dear. Dr. Figueroa has been a board certified specialist in cardiovascular medicine for nine years. Dr. Figueroa reviewed the ambulance and emergency room records, Curl's death certificate, and an internal memo setting out Curl's work activities on the date of his death. Like Dr. Buckley, Dr. Figueroa never treated or examined Curl. In Dr. Figueroa's opinion, Curl died from a heart attack caused by an underlying and preexisting coronary artery disease that had no causal relationship with the work Curl was doing on the day of his death.
¶ 13. Dr. Dear has been a cardiology specialist for thirty-five years. Like the other two experts, Dr. Dear had never treated or examined Curl. He was provided Curl's hospital records and a memo of Curl's activities on the day of his death. Similar to Dr. Figueroa's opinion, Dr. Dear opined that Curl died from sudden cardiac arrest caused by underlying coronary heart disease. Dr. Dear further opined *185 that Curl's work did not contribute to his sudden cardiac arrest.
¶ 14. Both of the Appellees' experts concluded that Curl's death resulted from sudden cardiac arrest likely caused by underlying coronary disease. They agreed Curl's working conditions on the day of his death did not contribute to his cardiac arrest. This is in contrast to the opinion of Katheryn's expert. "Where the medical evidence in a heart case is conflicting, the court will affirm the Commission whether the award is for or against the claimant." Redman Homes, Inc. v. Dependents of Bennington, 749 So.2d 1201, 1204(¶ 13) (Miss.Ct.App.1999) (citing Kersh v. Greenville Sheet Metal Works, 192 So.2d 266, 269 (Miss.1966)). The Commission, as the trier of fact, found Curl's death was not casually connected to his work. Because this decision is supported by substantial evidence, we cannot disturb that finding on appeal. Accordingly, we affirm the circuit court's judgment affirming the Commission's decision denying benefits to Katheryn Curl.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated section 71-3-3(b) reads in relevant part:

"Injury means accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner. Untoward event includes events causing unexpected results. An untoward event or events shall not be presumed to have arisen out of and in the course of employment, except in the case of an employee found dead in the course of employment."
Miss.Code Ann. § 71-3-3(b) (Rev.2000).
[2] Dr. Buckley based his opinion on the combination of the heat that day and his belief that Curl's work was strenuous and not an average workday, contrary to Desmidt's testimony that is was a normal workday.