ISHEE, J.,
for the Court:
¶ 1. Melinda Prince suffered an on-the-job injury while employed by Burlington Industries, Incorporated (Burlington). The administrative judge (AJ) found that Prince had suffered a compensable, work-related injury and ordered Burlington to provide any total disability benefits, as well as all medical services and supplies required by the nature of her injury and in the process of recovery. Burlington appealed, and the Mississippi Workers’ Compensation Commission (Commission) dismissed the appeal on the ground that it was an interlocutory appeal, since the AJ’s *871 order failed to dispose of all issues pending before the judge. Burlington and Prince entered into a joint stipulation, in which Burlington agreed that if the issue of com-pensability was upheld on appeal, Burlington would concede that Prince was permanently and totally disabled and pay Prince’s claim. The full Commission reinstated Burlington’s appeal, and it affirmed the AJ’s order. Burlington appealed to the Clarke County Circuit Court, which dismissed the appeal on the ground that both the order of the AJ and the Commission’s decision were interlocutory. Burlington filed a motion to reconsider, which the circuit court subsequently denied. Burlington now appeals, asking this Court to find that the circuit court erred in granting Prince’s motion to dismiss the appeal and also erred in denying Burlington’s motion to reconsider. We find no error and affirm.
FACTS
¶ 2. This appeal stems from a workers’ compensation claim that Prince asserted against Burlington on July 16, 1998. Prince had been employed by Burlington since 1993, and at the time of her injury, she held the position of cloth inspector. Prince was injured on March 24, 1998, after she fell off a loom and landed on her buttocks. She stated that when she fell, she hit her knee on the yard stand and immediately began to experience pain. Prince filed a workers’ compensation claim, which was denied on July 28, 1998. The parties proceeded to a hearing on the merits on the issue of compensability before an AJ. The AJ issued an order on May 30, 2007, finding that Prince had suffered a work-related injury, and the AJ held that the claim asserted was compen-sable. In the order, the AJ stated that “the parties agreed that there is one issue and no stipulations. The issue for decision is whether the claimant suffered a work-related injury to her back and/or a psychiatric disability.” The issues of mileage reimbursement; out-of-pocket medical expenses; nursing-care expenses; and past, present, and future medical expenses owed for Prince’s work-related injuries were not addressed at this hearing. Burlington filed a petition to review the AJ’s decision on June 15, 2007. Prince filed a motion to dismiss the petition for review on June 26, 2007. On July 11, 2007, the full Commission denied this appeal as interlocutory, ruling that the order of the AJ was not a final order because it only determined the issue of compensability and did not address the degree of disability that Prince had sustained due to the injury.
¶ 3. On April 1, 2008, the parties entered into a joint stipulation wherein Burlington conceded that if compensability was upheld on appeal, Prince would be entitled to the maximum benefit provided for her disability under the Workers’ Compensation Act. After the parties agreed to the joint stipulation, Burlington filed a motion to reinstate the appeal with the full Commission. Prince did not object to this motion or file a motion to dismiss on the ground that the appeal was a based on an interlocutory order. On April 25, 2008, the full Commission granted Burlington’s motion to reinstate the appeal. After oral argument, the full Commission rendered a 2-1 decision in favor of Prince on February 10, 2009. Burlington appealed this decision to the Clarke County Circuit Court.
¶4. Prince filed a motion to dismiss Burlington’s appeal to the circuit court, arguing that Burlington’s appeal from the full Commission’s order was interlocutory because issues such as the amount of medical expenses, mileage reimbursement, and nursing-care expenses had not been determined. Burlington filed a response, stating that the appeal was not interlocutory because no further issues remained to be *872 determined at the AJ’s level due to the joint stipulation agreed upon by the parties. The circuit court granted Prince’s motion to dismiss the appeal after finding that the AJ’s order and full Commission’s decision had addressed only the issue of compensability. The circuit court noted that the Commission’s decision did not address a determination of the total amount of compensation to be paid to Prince because a specific amount of out-of-pocket medical expenses, mileage reimbursements, and nursing-care expenses had not been assigned, thereby making the appeal interlocutory in nature and leaving the circuit court without jurisdiction. Burlington filed a motion to reconsider, clarifying that the order that was being appealed was the full Commission’s decision entered on February 10, 2009, and not the full Commission decision entered on July 11, 2007, where the Commission first rejected the appeal on the ground that it was an interlocutory appeal. The circuit court denied this motion. This appeal followed.
STANDARD OF REVIEW
¶ 5. This Court adheres to a limited standard of review of decisions of the Workers’ Compensation Commission. Raytheon Aerospace Support Servs. v. Miller, 861 So.2d 330, 335 (¶ 9) (Miss.2003). The Commission sits as the finder of fact. Miss. Loggers Self Insured Fund, Inc. v. Andy Kaiser Logging, 992 So.2d 649, 654 (¶ 15) (Miss.Ct.App.2008). Thus, our review of Commission decisions is limited to determining whether the Commission erred as a matter of law, or made findings of fact contrary to the overwhelming weight of the evidence. Clements v. Welling Truck Serv., Inc., 739 So.2d 476, 478 (¶ 7) (Miss.Ct.App.1999) (citation omitted). “Reversal is proper only when a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶6) (Miss.2003). “Where no evidence or only a scintilla of evidence supports a Worker’s [sic] Compensation Commission decision, this Court does not hesitate to reverse.” Foamex Prods., Inc. v. Simons, 822 So.2d 1050, 1053 (¶ 11) (Miss.Ct.App.2002). However, if supported by substantial evidence, this Court holds the findings and order of the Commission as binding, “even though the evidence would convince [us] otherwise, were we the fact-finder.” Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988).
DISCUSSION
I. Whether the Circuit Court Relied on the Wrong Full Commission Decision in Dismissing the Appeal
¶ 6. Burlington argues that the circuit court relied on the incorrect decision from the full Commission in dismissing Burlington’s appeal. Burlington submits that the circuit court’s order dismissing the appeal cites the full Commission’s July 11, 2007, decision, which the circuit court finds as interlocutory in nature. Burlington argues that it is not appealing the July 11, 2007, full Commission decision; instead, Burlington submits that it is appealing the full Commission decision entered on February 10, 2009. Burlington argues that the decision issued on February 10, 2009, is not interlocutory, as evidenced by the fact that the full Commission granted the motion to reinstate the appeal brought by Burlington. This motion to reinstate the appeal was granted without objection from Prince after the Commission had first rejected the appeal on the ground that there were issues remaining to be determined by the AJ. Burlington asserts that the joint stipulation, when coupled with the AJ’s May 30, 2007 order, relieves the AJ of the *873 need to hear any additional issues or make any additional findings. Therefore, Burlington submits that the May 30, 2007, decision and joint stipulation, when viewed together, constitute a final decision or award which can be appealed.
¶ 7. However, the record reflects that the circuit court’s order dismissing Burlington’s appeal states that Burlington “filed its Notice of Appeal to the Clarke County Circuit Court from the Full Workers’ Compensation Commission Order rendered on February 10, 2009.” (emphasis added). Thus, we note that the Commission was aware that Burlington was appealing the February 10, 2009, full Commission decision. The record further reflects that the February 10, 2009, full Commission decision affirmed the May 30, 2007, order of the AJ, where the AJ had held that the only matter to be decided at that time was the issue of compensability.
II. Whether the Circuit Court’s Dismissal of the Appeal as Interlocutory was Proper
¶ 8. Burlington asserts that the full Commission properly reinstated Burlington’s appeal of the AJ’s May 30, 2007, order via their April 25, 2008, order. Burlington argues that since the full Commission reinstated Burlington’s appeal, this shows that the full Commission agreed that the May 30, 2007 order addressing compensability, combined with the joint stipulation entered into between the parties, created a situation where no additional issues remained to be decided by the AJ; therefore, it was appealable.
¶9. Burlington claims that the circuit court erred by stating that a determination was required to be made at the AJ level of out-of-pocket medical expenses, mileage reimbursements, and nursing-care expenses before an appeal could proceed. Burlington asserts that in the May 30, 2007, order, the AJ stated that Burlington was required to provide: any temporary total disability benefits that might be owed regarding the back injury and related psychological condition, all medical services and supplies required by the nature of her injury, and services and supplies required by the process of her recovery and the medical-fee schedule. Burlington further submits that even if these areas had not been addressed via the order, a specific determination of these areas is not required by a judge. If such a determination were required, Burlington argues that it would be impossible for the AJ to make a definite finding as to a specific amount attributable for each of these categories due to the fact that the amounts would not be fixed, but rather, continual. Burlington also points out that the circuit court erred in finding that the joint stipulation entered into between the parties failed to address the issue of penalties and interest, thereby making the appeal improper.
¶ 10. Burlington submits that throughout the workers’ compensation section of the Mississippi Code, the term “award” is associated with the grant of a monetary sum.[1] See Bullock v. AIU Ins. Co., 995 So.2d 717, 722 (¶ 17) (Miss.2008). Burlington submits that if the parties in the present case had returned to the AJ, the “award” rendered would have pertained to the amount of compensation Prince would *874 have been owed based upon her disability. The parties signed a joint stipulation, conceding Prince’s benefits. Burlington asserts that this joint stipulation left no further issues to be decided by the AJ. Thus, Burlington claims that the order of the AJ, coupled with the joint stipulation, constituted an award and final order that were appealable.
¶ 11. However, in Bullock, 995 So.2d at 722 (¶ 18), the Mississippi Supreme Court held that a final award is a “final decision to grant or deny a specific amount of compensation.” A determination solely on the issue of liability, without deciding the amount of compensation, is not a final award. Id. Since no specific award was made in the AJ’s order in Bullock, the supreme court held that it did not constitute a final order. Id. Further, in the present case, the February 10, 2009, decision issued by the full Commission merely affirmed the AJ’s May 30, 2007, order, which specifically stated that it was not a final order.
¶ 12. Burlington further argues that had the full Commission determined that the joint stipulation was not a valid and binding document between the parties, the motion to reinstate the appeal would not have been granted. The supreme court has stated that while the parties may stipulate as to facts, they cannot, by stipulation, change the law. Board of Levee Comm’rs v. Parker, 187 Miss. 621, 193 So. 346, 348 (1940). Mississippi law requires a final order from a court before the parties can appeal. The parties’ stipulation in the present case, when coupled with the AJ’s May 30, 2007, order, does not constitute a final award or order from which an appeal may be taken. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. In its brief, Burlington actually cites Mississippi Code Annotated section 71-3-3 (Rev. 2000) as the authority for this assertion, but we find that sections 71-3-17(c)(24), (26) (Rev.2000); 71-3-37(1), (5), (6), (9) (Supp. 2009); 71-3-38 (Rev.2000); 71-3-49(1), (2) (Rev.2000); 71-3-51 (Rev.2000); 71-3-53 (Rev.2000); 71-3-63 (Rev.2000); 71-3-67(4) (Rev.2000); 71-3-75(2) (Supp.2009); 71-3-89 (Rev.2000) contain references which associate an award with a grant of a monetary sum.