# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-00792-COA

**WINDIE KOPITSKIE**                                                    **APPELLANT**

**v.**

**H&K DRYWALL AND AMFED NATIONAL**                        **APPELLEES**
**INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | JOSEPH RODNEY FRANKS |
| ATTORNEY FOR APPELLEES: | JARED HAMILTON HAWKINS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | APPEAL DISMISSED - 06/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Windie Kopitskie alleged she sustained a work-related injury on June 4, 2015, and filed a petition to controvert with the Mississippi Workers' Compensation Commission. The Commission ultimately dismissed Koptiskie's claim without prejudice and remanded the case back to the Administrative Judge (AJ) to dispose of all remaining issues. Kopitiskie appeals. We find that we lack jurisdiction to address the merits of this appeal and dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2. Kopitskie filed a workers' compensation claim alleging a work-related back injury that occurred on or about June 4, 2015. In May 2017, Kopitskie filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission).

¶3. Kopitskie maintains that she propounded request for admissions to H&K Drywall and Amfed National Insurance Company on or around June 2017 and moved to have those deemed admitted in August 2017. In October 2017, Kopitskie propounded a second set of request for admissions with a mailed copy of the first set of request for admissions via certified mail; however, all documents were "returned to sender." H&K and Amfed allege that they never received the notices of requests.

¶4. In November 2017, H&K Drywall and Amfed responded to all requests for admissions. Kopitskie then moved to strike those responses and filed a supplemental motion to deem the requests for admissions admitted.

¶5. Following a telephonic hearing on April 4, 2018, the AJ denied Kopitskie's motion to strike H&K & Amfed's responses to her first and second set of requests. Kopitskie then sought review before the full Commission. The Commission issued an order dismissing Koptiskie's petition for review, and the Commission explained that the order was interlocutory in nature because it failed to dispose of all the issues pending before the AJ. Aggrieved, Kopitskie appeals.

## STANDARD OF REVIEW

¶6. The Mississippi Supreme Court has held that "[w]e have a very limited scope of review under the substantial evidence and/or arbitrary and capricious standard." *Raytheon Aerospace Support Servs. v. Miller*, 861 So. 2d 330, 335 (¶9) (Miss. 2003). "The substantial evidence test is used." *Weatherspoon v. Croft Metals Inc.*, 853 So. 2d 776, 778 (¶6) (Miss.

2

2003). "Th[e] [reviewing court] will overturn the Workers' Compensation Commission decision only for an error of law or an unsupported finding of fact." *Id*. (quoting *Georgia Pac. Corp. v. Taplin*, 586 So. 2d 823, 826 (Miss.1991)). "Reversal is proper only when a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Total Transp. Inc. of Miss. v. Shores*, 968 So. 2d 400, 404 (¶15) (Miss. 2007) (quoting *Smith v. Jackson Constr. Co.*, 607 So. 2d 1119, 1124 (Miss.1992)).

## DISCUSSION

¶7.     Kopitskie maintains that the AJ erred in denying her motion to deem the request for admissions admitted, her supplemental motion to deem the request for admissions admitted, and her motion to strike H&K and Amfed's responses to her first and second set of requests for admissions.

¶8.     In an order dated May 8, 2018, the Commission dismissed Kopitskie's petition for review without prejudice and remanded to the AJ for such further proceedings necessary to dispose of all the remaining issues. Furthermore, the Commission informed Kopitskie that the order was interlocutory in nature. This Court has held that "[i]nterlocutory orders by the Workers' Compensation Commission are not appealable." *Superior Mfg. Grp. Inc. v. Crabtree*, 62 So. 3d 992, 995 (¶11) (Miss. Ct. App. 2011) (quoting *Cunningham Enters. Inc. v. Vowell*, 937 So. 2d 32, 34 (¶3) (Miss. Ct. App. 2006)). "Further, an appeal may not be taken unless the Commission's order is final." *Id*. (quoting *Flexible Flyer Inc. v. Harris*, 755

3

So. 2d 50, 51 (¶7) (Miss. Ct. App.1999)).

¶9.    Accordingly, because no final order has been issued, we must dismiss this appeal for lack of jurisdiction.

¶10.    **APPEAL  DISMISSED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**